UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60044-CIV-COHN/SELTZER

MADELYNE MORALES,
on behalf of herself and
others similarly situated,

    Plaintiff,

vs.

DE YU INVESTMENT GROUP,
INC. d/b/a AAABLE INSURANCE
AGENCY and DANIA ARNODO,
and DENNIS LOTT,

    Defendants,

Universal Risk Advisors, Inc,

    Garnishee.
_____/

ORDER ON POST JUDGMENT MOTION FOR PROCEEDINGS
SUPPLEMENTARY AND TO IMPLEAD THIRD PARTY

THIS CAUSE is before the Court on Plaintiff's Rule 69(a) and § 56.29., Fla. Stat. (2010) Motion to Institute Proceedings Supplementary to Implead Able Assurance Agency, Inc., d/b/a Aaable Insurance Agency, as a Party Under the Doctrine of Successor Corporate Liability (DE 98)[1] and the Court being sufficiently advised, it is hereby ORDERED that the Motion is GRANTED in part and DENIED in part for the reasons set forth below.

---

[1] Defendants have not filed a response to the instant Motion. Moreover, Plaintiff indicates that pursuant to Federal Rule of Civil Procedure 4, she served a copy of the instant Motion on Able Assurance Agency, Inc., d/b/a Aaable Insurance Agency, the third party she seeks to implead. That corporation also has not responded. And the time for filing responses has passed.

Plaintiff Madelyne Morales brought this action under the Fair Labor Standards Act ("FLSA") against her former employers for unpaid overtime compensation. The parties subsequently settled this matter. See Stipulation for Entry of a Consent Judgment against Defendants (DE 37). Pursuant to the parties' Stipulation, on January 8, 2007, the District Court entered a Final Judgment against Defendant De Yu Investment Group, Inc., d/b/a Aaable Insurance Agency ("De Yu Investment Group") and Defendant Dania Arnodo in the amount of $7,793.84, plus post judgment interest (DE 38).[2] Subsequently, the District Court entered a Final Judgment for Attorney's Fees and Costs against Defendants in the amount of $19,213.50 (DE 50).[3] To date, Plaintiff has collected $9,202.36 from Defendant Dania Arnodo pursuant to a continuing wage garnishment order (DE 94).

According to Plaintiff, the remainder of the judgment amount remains unsatisfied; she contends that neither Defendant presently has the ability to satisfy the judgment. Plaintiff, therefore, now moves to commence proceedings supplementary and to implead Able Assurance Agency, Inc., d/b/a Aaable Insurance Agency ("Able Assurance Agency"), pursuant to Federal Rule of Civil Procedure 69 and Fla. Stat. § 56.29. Plaintiff requests that the Court find Able Assurance Agency liable for the judgment entered against Defendant De Yu Insurance Group, Inc., contending that Able Assurance Agency is the successor corporation.

Rule 69(a) provides that procedures in post judgment proceedings supplementary

---

[2] During the course of the litigation, a suggestion of death was filed on behalf of another defendant, Dennis Lott.

[3] On December 3, 2007, the District Court entered an Amended Judgment to correct a clerical error (DE 61).

"must accord with the procedure of the state where the court is located," to the extent not preempted by federal law. See Fed. R. Civ. P. 69(a); Allied Indus. Int'l Inc. v. AGFA-Gavaert, Inc., 688 F. Supp. 1516, 1517 (S.D. Fla. 1988) (Atkins, J.). Proceedings supplementary in Florida are governed by Fla. Stat. § 56.29. Under this statute, where a judgment creditor submits an affidavit stating that a judgment or judgment lien is valid and remains unsatisfied and outstanding and identifies the amount of the unsatisfied judgment or judgment lien, including accrued costs and interest, Fla. Stat. § 56.29(a),"the court has the authority and in fact a duty to implead third parties." Allied Indus., 688 F. Supp. at 1518. "Such impleading does not in itself establish liability on the part of the impleaded third parties. Rather, it gives them an opportunity to raise their defenses and protect their interests consistent with the requirements of due process." Id.; see also Ortiz v. Santuli Corp., No. 08-20218-CIV, 2010 WL 2926517, at *1 (S.D. Fla. July 23, 2010) (Simonton, M.J.) ("Impleading those persons whose interests may be affected by the Court's rulings is necessary both to acquire jurisdiction over them and to afford due process.") (quoting Mission Bay Campland, Inc. v. Summer Fin. Corp., 71 F.R.D. 432, 434 (M.D. Fla. 1976)).

Here, Plaintiff has established by affidavit that she holds a valid, unsatisfied judgment, and she has identified the judgment amount currently outstanding ($21,086.21). See Morales Aff., Ex. E (DE 98). "No other showing is necessary to implead third parties." Ortiz, 2010 WL 2926517, at *2. Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1.   Plaintiff Madelyne Morales' Motion to Institute Proceedings Supplementary to Implead Able Assurance Agency, Inc., d/b/a Aaable Insurance Agency, as a Party Under the Doctrine of Successor Corporate Liability (DE 98) is GRANTED. Proceedings

supplementary are hereby commenced in this action pursuant to Federal Rule of Civil Procedure 69 and Fla. Stat. § 56.29;

2. Able Assurance Agency, Inc., d/b/a Aaable Insurance Agency, is impleaded in this action;

3. Plaintiff shall file in the record the Complaint attached to its Motion as Exhibit F (DE 98) as a separate document entry;

4. Plaintiff shall serve a copy of this Order and the Complaint upon Impleaded Party Able Assurance Agency, Inc., d/b/a Aaable Insurance Agency, in accordance with Federal Rule of Civil Procedure 4, and she shall file in the record an affidavit of service.

5. Impleaded Party Able Assurance Agency, Inc., d/b/a Aaable Insurance Agency, shall file in the record an Answer to the Complaint within twenty-one (21) days of the service of the Complaint; it shall also serve a copy via United States mail on the following: James E. Dusek, Esq., counsel for Plaintiff Madelyne Morales, at 915 Middle River Drive, Suite 600, Fort Lauderdale, FL 33304; Gustavo Bravo, Esq., Saloman Brovo, PL, counsel for Defendant Dania Arnodo, at 214 S.E. 13th Street, Fort Lauderdale, FL 33316; Robert Leff, Esq., Registered Agent for Defendant De Yu Investment Group, Inc., at 2017 S. Ocean Dr., Ph-6, Hallandale Beach, FL 33009-6643; and Christopher B. Lunny, Esq., Radey Thomas Yon & Clark, counsel for Garnishee Universal Risk Advisors, Inc., at Post Office Box 10967, Tallahassee, FL 32302. **Failure to timely file an Answer may result in the entry of judgment against Impleaded Party Able Assurance Agency, Inc., d/b/a Aaable Insurance Agency.**

6. Plaintiff is permitted to conduct discovery, including written discovery and

depositions, regarding the status of Impleaded Party Able Assurance Agency, Inc., d/b/a Aaable Insurance Agency, as a corporate successor of Defendant De Yu Investment Group, Inc., d/b/a Aaable Insurance Agency.

7. Plaintiff Madelyne Morales, Defendant De Yu Investment Group, Inc., d/b/a Aaable Insurance Agency, Defendant Dania Arnodo, and Impleaded Party Able Assurance Agency, Inc., d/b/a Aaable Insurance Agency, shall appear before the undersigned Magistrate Judge on **May 3**, **2011, at 1:30 p.m.** at the United States Courthouse, Courtroom 110, 299 East Broward Boulevard, Fort Lauderdale, Florida, for an evidentiary hearing concerning the Impleaded Party's status as a corporate successor of Defendant De Yu Investment Group, Inc., d/b/a Aaable Insurance Agency, and the satisfaction of the Final Judgment entered herein, pursuant to Fla. Stat. § 56.29;

8. Plaintiff's request for attorney's fees and costs is DENIED without prejudice to raise at a later time if appropriate.

DONE AND ORDERED in Fort Lauderdale, Florida, this 6th day of December 2010.

*[signature]*
BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record